### MARY S. HEATHERLY ET AL. V. SIMEON LITTLE ET AL.

Decided October 11, 1899.

1. **Urban Homestead—Use of Extra Lots.**

Where one having a homestead in a city buys lots not to be used as a place of residence for himself and family, but to be leased to tenants, and this purpose still exists at the time he executes a deed of trust upon them, the fact that they are occasionally used for the purpose of a vegetable garden, for piling wood thereon, and for ingress and egress to and from the dwelling, will not exempt them from the operation of the deed of trust as part of the homestead.

2. **Charge of Court—Request for as Estoppel.**

Appellant is not estopped to complain of an erroneous charge on the ground that it was given at his request, where the facts are that counsel below orally agreed that the court should repeat the charge as given at a former trial, with certain exceptions, and it is not clear as to what parts the exceptions were intended to exclude.

ERROR from McLennan. Tried below before Hon. SAM R. SCOTT.

*John L. Dyer* and *Clark & Bolinger*, for plaintiffs in error.

*L. W. Campbell*, for defendants in error.

KEY, ASSOCIATE JUSTICE.—This is an injunction suit to restrain a trustee from selling property alleged to be homestead. It has been appealed several times before. 11 S. W. Rep., 549; 25 S. W. Rep., 143; 40 S. W. Rep., 445. The nature of the case is disclosed by the former decisions, as reported in the volumes cited.

Upon the last trial the court charged the jury, among other things, as follows: "If you believe from the evidence that plaintiff and her husband, S. Little, used the land or a part of it for the purpose of a vegetable garden, or a shrubbery garden for the ornamentation of their home, or for the purpose of ingress or egress from their dwelling, or for the piling thereon of wood for family use, or all of these purposes together, this would make said land a part of their homestead, and the deed of trust thereon in controversy would be void."

This charge is assailed by appellants as being incorrect and misleading, the contention being, that if the property was used in the manner stated in the charge, but such use was only casual and temporary, it would not impress upon it a homestead character.

This contention is correct, and the charge in this respect is erroneous. In Blum v. Rogers, 78 Texas, 530, it was held that to protect lots in a town or city not actually occupied by the family residence or its appurtenances, they must be substantially used by the family for home purposes; and that when such lots are detached by inclosures from the homestead lot proper and are improved for the purpose of being leased to tenants, they are not part of the homestead and protected from forced sale as such, although portions of them may be occasionally used for family purposes, such as growing vegetables, sheltering live stock, or furnishing water. It is further stated in that case, that the principal use to which the lots are subjected must be looked to, and where the main purpose to which the property is devoted is to bring in an income, and the family use is not only secondary and subordinate but of trivial importance, the property should no longer be deemed a part of the homestead.

In this case the house and lot in question had not been rented, nor had it produced any revenue at the time the trust deed was executed, but the testimony of the witness Mann tends to show that Little bought the land and built the house, not to be used as a place of residence for himself and family, but to be leased to tenants, and that this purpose existed at the time the trust deed was executed; and if such was Little's purpose in buying the land and building the house, and such purpose existed when the trust deed was executed, the use of the land for either or all of the purposes stated in the charge quoted did not render it homestead.

It is contended, however, by counsel for appellees, that the judgment should not be reversed, even if the charge be erroneous, the claim being that the charge was given at the request of counsel for appellants, and therefore they are estopped from objecting to it. The order, overruling the motion for a new trial, states that the plaintiff's counsel and one of the defendants' counsel suggested to the court to give the charges given by S. L. Samuels, special judge at a former trial of the case, after eliminating the objectionable portion of said charges, "as fully appears in bill of exception number 1 filed herein." The bill of exception states: "That during the trial of this case and before the court had begun to prepare his charge, John L. Dyer, Sr., Esq., of counsel for the defendants in said cause, came to the court (privately) and stated to the court that if the court would follow the charges heretofore given in this case by S. L. Samuels, special judge in said case, that had been before the court and approved by the same, except one particular point which might be eliminated at this time, the defendant would be satisfied. Also the counsel for the plaintiff in said case prepared a copy of said charge, after eliminating the part heretofore held by the Court of Civil

Appeals as error, and requested that the court give it; whereupon the court, understanding that it was the desire of plaintiff's counsel and defendants' counsel that said charge be followed as before stated, a copy of the same was prepared and given to the jury, after eliminating the objectionable portions. After the jury had retired from the box, the said John L. Dyer, Esq., asked the court why he did not follow Samuels' charge. The court stated to him that he had done so; whereupon the said Dyer stated that his recollection was that Samuels' charge did not have the features in it which he complained of now; whereupon the court told him to get the charge and read it himself, and he would find that it was an exact copy. The said Dyer thereupon procured the Samuels charge, and after having read the same stated to the court that the court's charge was a correct copy of Samuels' charge, but that he had not seen it in quite a while and was not aware that it contained such objectionable features as is now urged. No further objection was made to said charge as given by the court except as herein above stated."

In Belcher v. Railway, 92 Texas, 593, our Supreme Court say: "While it has been held by this court, and is a sound rule of practice, that one who leads the trial court into the commission of an error can not complain of it, we think that the act which is relied upon to defeat the right to have a charge reviewed should appear upon the record in such form that, if the request had been refused, the refusal could have been assigned as error, and the action of the court reviewed. In other words, the attorney for a party is required to write and sign his request for charges so as to identify them and make himself responsible as the representative of the party and an officer of the court for his professional act, and whatever falls short of compliance with this rule, in our judgment, should not be held to estop either party upon the review of an error in the charge of the court."

We regard that case as decisive of this point. Besides, there is some ambiguity in the bill of exceptions, and it is not entirely clear therefrom whether appellants' counsel suggested to the court to give all of the Samuels charge, except such as had been condemned on appeal, or to give only as much as had been approved by the appellate courts. If the suggestion or request applied only to such portions of the Samuels charge as had been approved on appeal, it did not embrace the charge complained of and quoted above, because an examination of the former decisions will fail to show that the Supreme Court or this court ever held that the charge in question stated the law correctly and was not obnoxious to the objections now urged against it. When the Samuels charge was given, the verdict and judgment went for appellants. The case was then appealed by the other side, and these appellants, who were appellees in that case, filed no assignments complaining of the court's charge, nor did the then appellants complain of it in this respect.

We decide against appellants on the other points presented in their brief; and for the error indicated, reverse the judgment and remand the cause for another trial.

*Reversed and remanded.*