## L. W. LEVY AND COMPANY ET AL. V. SOPHIA LEE LACOUR.

Decided May 11, 1906.

**Urban Homestead—Detached Lot—Casual Use—Insufficient Evidence.**

If a vacant detached lot in a town or city is principally used by the head of a family as a horse lot, cow lot or garden in connection with the home, it partakes of the exemption attaching to the residence; but the use upon which the exemption is predicated must be the principal use, and not a mere incidental or casual use. The fact that the agricultural products from the lot were sold and the money used to support the family will not make the lot a part of the homestead. Where the evidence showed that the husband was a saloonkeeper; that the cultivation of the lot in question was not his business; that the lot was rented to tenants on shares or cultivated mainly in staple crops like corn and cotton by his procurement, or was used occasionally for the pasture of his horses, cows and calves, it was manifest that the use of the lot in connection with the home was only casual, and such lot was therefore not exempt as a part of the homestead.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Stevens & Pickett* and *James B. & Charles J. Stubbs,* for appellants. —Cited, Wynne v. Hudson, 66 Texas, 1; Martin Clo. Co. v. Henly, 83 Texas, 594; Rogers v. Ragland, 42 Texas; 422; Equitable Mortgage Co. v. Norton, 71 Texas, 687; Keith v. Hyndman, 57 Texas, 431; Evans v. Womack, 48. Texas, 230; Achilles v. Willis & Bro., 81 Texas, 170; Iken & Co. v. Olenick, 42 Texas, 195; Allen v. Whitaker, 18 S. W. Rep., 161; George v. Ryon, 61 S. W. Rep., 138; Peregoy v. Kottwitz, 54 Texas, 497; Heatherly v. Little, 21 Texas Civ. App., 665; Haswell v. Forbes, 8 Texas Civ. App., 86.

No briefs for appellee.

GILL, CHIEF JUSTICE.—Sophia Lee Lacour brought this suit against her husband, J. V. Lacour, the firm of L. W. Levy & Co. and C. E. Selvage, trustee, to enjoin the sale of certain real estate covered by a deed of trust executed by her husband to secure the firm in the payment of a debt due by him to the firm. The ground upon which the injunction was sought was that the property covered by the trust deed was a part of the urban homestead of the plaintiff and her husband at the date of the execution of the deed of trust.

Charles H. Lacour intervened, claiming an undivided half interest in the property.

A trial to the court without a jury resulted in a judgment in favor of C. H. Lacour for an undivided half interest in the land; in favor of J. V. Lacour as to the other half; in favor of plaintiff upon her homestead claim. The deed of trust insofar as it affected the property in question was canceled, and the preliminary injunction perpetuated.

From the judgment on the issue of homestead, Levy & Co. and Selvage, the trustee, have appealed and here assail this feature of the judgment on the ground that it is unsupported by the evidence. We

think the assignment presenting the question should be sustained. The facts are as follows:

J. V. Lacour is the owner of block 104 in the town of Liberty, Texas, containing about 3½ acres, and an undivided half interest in lot 1 in block 31, the latter containing 12 ac. . Charles H. Lacour is the owner of the other undivided half by reason of the fact that the property was part of the community estate of his deceased mother and his father J. V. Lacour. Sophia Lee Lacour is the second wife of J. V. Lacour, and block 104 on which the residence is situate is unquestionably their homestead.

She claimed that the 12 acre lot in block 31 was a part of the homestead on the theory that it was used in connection with the residence lots for the comfort and convenience of the family. Upon the truth and effectiveness of this claim depends the validity of the judgment. The facts bearing upon the issue are as follows:

Upon the residence lots Lacour maintained a horse lot, cow lot, garden and a small field. He had had the 12 acres fenced for years. Some years it was cultivated by tenants for part of the crop. One year it was rented for money rent, and some years Lacour cultivated it himself or used it merely for a pasture for his stock and calves. When cultivated the crops raised were cotton and corn and sweet and Irish potatoes and cane. These latter were used to supply the family. The cotton and corn were used to support the family. The evidence does not show to what extent the land was planted in potatoes and cane. The wife testified that they farmed on lot 1 in block 31.

The following plat introduced by plaintiff discloses the location of the property with reference to the residence, which latter is on lot 1 and 2 in block 104:

The deed of trust was executed by the husband alone on the 4th day of June, 1904, and was accepted by Levy & Co. without any notice that the 12 acre tract described as lot 1 in block 31 was claimed as a part of the Lacour home except such notice as the character of use to which it had been and was being put conveyed to them. The fact that it was detached from the residence lots can make no difference in the force of

plaintiff's claim if the uses to which it was subjected gave it the character of homestead property.

But it is equally well settled that the use upon which the homestead. claim is predicated must be the principal use and not a mere incidental or casual use. If a vacant detached lot is principally used by the head of a family in a town or city as a horse lot or cow lot or garden in connection with the home it partakes of the exemption attaching to the residence. The fact that the products of the 12 acre lot were sold and the money used to support the family will not support the homestead claim. (Keither v. Hyndman, 57 Texas, 431; Evans v. Womack, 48 Texas, 230; Allen v. Whitaker, 18 S. W. Rep., 162.) To be effective its principal use must be in connection with the home and for the comfort and convenience of the family. (Heatherly v. Little, 52 S. W. Rep., 980; Blum v. Rogers, 78 Texas, 530.)

Plaintiff has failed to bring her case within the rule. Her husband's occupation was a saloon-keeper. The cultivation of the 12 acres was not his business. It was rented to tenants on the shares, or cultivated mainly in staple crops like corn and cotton by his procurement, or else was used occasionally for the pasture of his horses, cows and calves. The evidence in our opinion not only fails to show that the 12 acre lot was used in such a way as to make it a part of the homestead, but further shows that Lacour and family had a cow lot, horse lot, garden and a little field on block 104 used in connection with the residence.

For the reasons given the judgment as to the issue of homestead is reversed and the cause remanded. The judgment in favor of C. H. Lacour is unassailed and is therefore not disturbed.

*Reversed and remanded.*