# DECEMBER, 1908.

## F. M. AUTRY ET AL. v. JOHN REASOR ET AL.

### No. 1806. Decided December 2, 1908.

**1.—Tenants in Common—Liability for Rents.**

When a tenant in common denies the right of his cotenant, pleading limitation against the latter's suit to recover the land, he is liable for rents and can not complain that they are set off against his claim for improvements on recovery. (P. 127.)

#### ON REHEARING.

**2.—Practice on Appeal—Findings of Fact.**

Evidence which would sustain a finding of facts supporting the judgment can not be considered on appeal when the finding of the trial court was against the existence of such facts, but was based on a mistaken conclusion of law as to the effect of other facts found to have been proven. (Pp. 127, 128.)

**3.—Rural Homestead—Detached Rented Tract.**

A detached tract of farm land situated half a mile from the home tract and used only by renting it to tenants for a share of the crop, the proceeds being applied to the support of the family, does not, by such use, become a part of the homestead. (P. 128.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

Reasor and others sued Autry and others for the recovery of land and had judgment therefor. Defendants appealed and on affirmance obtained writ of error.

*Potter & Potter,* for plaintiffs in error.—The court erred in holding that the land could be dedicated as a homestead by the simple act of renting and using the revenues therefrom to support the family. Brooks v. Chatham, 57 Texas, 31; Oppenheimer v. Fritter, 79 Texas, 99; Blum v. Rogers, 78 Texas, 530; Haswell v. Forbes, 8 Texas Civ. App., 82; Allen v. Whittiker, 27 S. W., 508; Nix v. Mayer, 2 S. W., 819.

*Stuart & Bell,* for defendants in error.—The evidence introduced on the trial of this cause abundantly justified the court in finding that the lands in controversy were a part of the homestead of J. J. Reasor, deceased. Constitution of Texas, art. 16, sec. 51; Revised Statutes, 1895, art. 2396; Baldeschweiler v. Ship, 21 Texas Civ. App., 80; Pridgen v. Warn, 79 Texas, 592, 593; Crisp v. Thrash, 52 S. W., 92; Morgan v. Morgan, 1 Unreported Cases, 400; Cameron v. Gibhard, 85 Texas, 610; Anderson v. Sessions, 93 Texas, 279.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by John Reasor and four other children of John J. Reasor, deceased, to recover each a 1-7 interest in three surveys of land in Cooke County.

The nature of the controversy is shown by the findings of fact by the trial judge which we here insert:

"The plaintiffs are five of the seven children of John J. Reasor who died intestate in 1894, and of his wife Amanda Reasor, who died intestate on June 22, 1891. John J. Reasor at the time of his death, and continuously prior thereto for a period of probably twenty years, resided upon a tract of ninety acres of land in the southeast part of Cooke County, and farmed thereon. John J. Reasor, while residing on the ninety acres, on November 29, 1882, purchased the twenty-nine (29) acre tract out of the Ward survey, described in the petition and judgment, and on the 6th day of October, 1884, purchased the ten (10) acre tract described in the petition and judgment, which adjoins the twenty-nine acre tract. These two tracts make thirty-nine (39) acres, lying within one-half mile of the ninety acre tract, by direct line, but three-fourths of a mile by the road. These two tracts were cultivated land when bought by John J. Reasor, and the twenty-nine acre tract had a small resident house and some other improvements of trifling value on it. John J. Reasor never cultivated the thirty-nine acres or any part of it by himself or through anyone else, but rented the same from the time of purchase to the time of his death to yearly tenants, who paid for the use of the same the usual rental of one-third and one-fourth of the crops. John J. Reasor occasionally hauled his part of the rent to his residence on the ninety acre tract and there used the same for the support of himself and family. This use of the thirty-nine acres, by John J. Reasor renting it and using the rents for the support of himself and family made it a part of his homestead, and it continued to be until his death. Shortly afterwards John J. Reasor purchased a tract of 106 2-3 acres, a mile distant from the ninety acre tract, which was partly in cultivation, and which said Reasor in like manner rented and received the rents, and in addition obtained firewood and timber from the 106 2-3 acre tract. but this land at the time of his death was mortgaged for unpaid purchase money, and when sold by the administrator to satisy the mortgage, merely satisfied the mortgage debt. Still later on April 9, 1892, John J. Reasor purchased a two (2) acre tract described in the petition, which lies near, but on the

opposite side of the road from the twenty-nine acre tract. This tract never became a part of the homestead of John J. Reasor, because the amount sufficient to make up the two hundred (200) acres in addition to the ninety acres and the thirty-nine acres, had to be taken from the 106 2-3 acre tract. John J. Reasor was insolvent at the time of his death. An administration was regularly opened upon his estate in the County Court for Cooke County, Texas, and the three tracts of land described in plaintiff's petition were inventoried as a part of his estate, and the ninety acre tract was mentioned in the inventory as being the homestead. The forty-one (41) acres consisting of the twenty-nine acre, the ten acre and the two acre tracts, were all sold under order of the County Court for the payment of debts, the application showing the debts, among which was a debt of $10, besides interest, in favor of Robinson & DeCordova, and three in favor of Mrs. Dove, aggregating upward of two hundred dollars, and one in favor of W. R. Lemons for $148.60, all of which were incurred by John J. Reasor prior to the death of his wife, Amanda Reasor. Pursuant to the order of sale, the forty-one acres was regularly sold to the defendant F. M. Autry for a fair price, and the sale confirmed, and pursuant to the confirmation, P. P. Robertson, the administrator, on November 30, 1896, conveyed said forty-one acres to said Autry, which deed was duly registered in Cooke County, Texas, on the 2d day of December, 1896, since which time said Autry has been in actual, exclusive and peaceable adverse possession of the same, and has paid all taxes thereon, and has made improvements thereon of considerable value, but not more than sufficient to offset the value of the use of the same which he has enjoyed. All of the other heirs of John J. Reasor and Amanda Reasor are barred by limitation, but the plaintiffs who inherited a five-seventh (5-7) interest in said land are not barred, because they have been laboring under the disability of minority."

In addition to the facts so found, one Faulkner, a witness for defendants, testified that the twenty-nine acre tract was only partly in cultivation when it was originally purchased by Reasor and that he or his employe prepared the whole of it for use. That he thought Reasor worked there. The ten acres adjoins the other. He did not know that he ever saw Reasor working on that tract. But that he together with Reasor gathered corn on the land.

The Court of Civil Appeals filed no opinion, but merely adopted the conclusions of fact and law of the trial judge.

The assignments of error in various forms question the conclusion of the trial judge, that the facts were sufficient to show that the twenty-nine acre tract and the ten acre tract became a part of John Reasor's homestead; but we are of the opinion that his ruling was correct.

In support of their assignments counsel for appellants cites and relies upon the case of Brooks v. Chatham (57 Texas, 31). But in that case the land in controversy was situate about ten miles from a tract upon which the defendant was residing and which he was occupying as a homestead. As we understand the decision, the

effort of the defendant was not so much to show that the land was exempt as purtenant to and a part of his existing homestead, but that he had designated it as his homestead and intended to occupy it as such. After the attachment was levied and before the trial he did actually move and settle upon the land. In that respect the case was more like the case of Franklin v. Coffee (18 Texas, 415). Besides in that case the trial judge before whom the case was tried without a jury found "that, prior to the levy of plaintiff's attachment upon the land in controversy, the defendant had never occupied the same; that he had made no preparation, and had done no act to manifest his intention to appropriate the same as a homestead in any way; and had done no act reasonably calculated to give notice of his dedication of the same as a homestead." In the opinion the court said: "There must be something more than mere intention; there must be some act done which will evince an intention to use it as a home, or, if separated from the tract upon which the home of the family stands, to use it in some way, in connection with the home place, for the comfort, convenience or support of the family, or as a place of business for the head of the family." The language of our Constitution in reference to homestead upon detached parcels of land is "provided that the same (the detached parcels) may be used for the purpose of a home." One of the purposes of a rural homestead is to support the family therefrom. Such is not ordinarily the purpose of a city residence occupied as a home. Hence we held in Blum v. Rogers (78 Texas, 530), that where the portion of a homestead lot in a town had been improved and leased, and was no longer used for the purpose of a home, it was no longer exempt as a homestead, but was subject to forced sale.

In this case the lands claimed as a part of the homestead, were situated not more than three-fourths of a mile from the residence of Reasor—a distance which agriculturists frequently travel in the cultivation of their crops. The evidence is sufficient to justify the inference as found by the court, that the rents were used in support of himself and family, and the further inference that the rent corn was directly used for that purpose. We think this sufficient to show that the rents were directly used in support of the family and that therefore the property was used for the purposes of a rural homestead. We do not hold that if the land had been rented and the proceeds sold and the money used for the support of the family that this would have been sufficient to exempt the property.

In Baldeschweiler v. Ship, 21 Texas Civ. App., 80, it is said: "The land here in question was actually used in the same way and for the same purposes as that upon which the party lived. All was done under a scheme devised by which it might best be made available for the support of the family. This manner of use was adapted to his condition and that of the family, and was one to which the property was adapted. In our opinion it was such as to make that connection with the use of the house itself which the Constitution and the decisions require. Pridgen v. Warn, 79

Texas, 588." The remarks are applicable in the main to the present case. That case did not reach this court, but we approve of the principle there announced. We therefore think, that, where a parcel of land is detached from the homestead proper and is rented to tenants for a part of the crop and the crops are directly appropriated to the support of the family, and the two tracts together do not exceed two hundred acres, the use of the detached tract is sufficient to impress it with the homestead character and make it a part of the homestead.

The trial court found that the defendants had improved the land in good faith, but held that the value of the rent of the land for the time it was occupied by them was sufficient to offset the value of the improvements. This ruling is assigned as error upon the theory that defendants being tenants in common with the plaintiffs and having used the land themselves, were not liable for rents to their cotenants. Ordinarily the rule invoked is correct. A tenant who does not deny the right of his cotenant and refuse to admit him to possession and merely uses the land himself is not responsible to him for rents. But such is not this case. Here the defendants deny the right of the plaintiffs in the land, and plead the statute of limitations against them. This is clearly inconsistent with the idea that the plaintiffs were at liberty to take possession and to use the land. The plaintiffs were entitled to recover for their rents and the defendants can not justly complain that the value thereof was offset against the value of the improvements.

We find no error in the judgment of the District Court and of the Court of Civil Appeals and they are therefore affirmed.

Opinion filed April 1, 1908.

Mr. Justice Brown did not sit in this case.

### CONCURRING OPINION.

MR. JUSTICE WILLIAMS, concurring in the result.

I agree to the conclusion expressed in the opinion of the Chief Justice so far as it holds that the circumstances stated were sufficient to warrant the conclusion of fact of the courts below, that the land in controversy was used in connection with that on which the residence stood "for the purposes of a home." This takes the question out of our jurisdiction. I am not prepared, however, to agree that the single circumstance of the use of the rents, even in kind, for the support of the family was sufficient to impress the rented land with the homestead character.

### ON MOTION FOR REHEARING.

#### December 2, 1908.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

At the last term of this court opinion was rendered in this case affirming the judgments of the lower courts. A motion for a rehearing has since been filed in which it is pointed out that we

overlooked the findings of fact as found by the trial court and Court of Civil Appeals. The criticism of the opinion is correct. The trial court distinctly found that "John J. Reasor never cultivated the thirty-nine acres of land or any part of it by himself or through anyone else, but rented the same from time of the purchase to the time of his death to yearly tenants, who paid, for the use of the same, the usual rental of one-third and one-fourth of the crop. John J. Reasor occasionally hauled his part of the crop to his residence on ninety acres, and he used the same for the support of his family. This use of the thirty-nine acres by John J. Reasor renting it and using the rents for the support of himself and family made it a part of the homestead."

There was, however, evidence in the record that Reasor was seen cultivating the land, and, following this, and not having in mind the finding of the trial judge, we so stated the facts in our opinion. The evidence to which we refer, while undisputed in a certain sense, is of such a character that we do not feel that the trial judge was bound to give it credence. Therefore his finding upon the facts must be conclusive upon us and the circumstances of cultivation by the defendant upon which the former opinion relied in part can not be considered. Under these circumstances we are of opinion that the facts established by the evidence are not sufficient to show that the thirty-nine acres of land was a part of the homestead of the father of the defendants in error.

In defining what shall constitute a homestead, section 50 of article XVI of the Constitution expressly provides that the rural homestead may be one or more parcels, but at the same time provides, "that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the head of a family." It is clear, therefore, we think, before a homestead can be claimed upon land, it must be used for some one purpose of a home, either by cultivating it, using it directly for the purpose of raising family supplies, or for cutting firewood and such like. The alleged fact that the father of the defendants in error cultivated the tract in question having been found against the defendants in error by the trial judge, we find no evidence that the land was used for the purpose of a home other than that the proceeds were probably used in support of the family. In the case of Blum v. Rogers (78 Texas, 530), we held that the building of a house within a town on a certain lot and renting it deprives it of its homestead character. We see no reason why the same rule should not apply to a rural homestead. Any expressions in our former opinion to the contrary are now withdrawn. We accordingly reverse the judgment and remand the cause for a new trial.

Opinion filed December 2, 1908.

*Reversed and remanded.*