MRS. FRANK BLAIR, JR. ET AL. v. PARK BANK & TRUST CO. ET AL.

Decided June 3, 1910.

**1.—Homestead—Inconsistent Use.**

Evidence stated, and held to sustain a conclusion of the trial court that a certain portion of a homestead lot had been segregated from and had ceased to be used as an adjunct to the family residence, and hence was subject to execution and sale for debt.

**2.—Same—Criterion—Principal Use.**

The principal use to which a city lot is put must be looked to in determining whether or not it should be protected as a part of the homestead. When the owner of an urban homestead builds a business house on a part of the homestead lot for the purpose of renting the same, and the house and lot are devoted to that purpose and use principally, the house and the lot occupied by it lose their homestead character and exemption.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*M. S. Duffie,* for appellants.—The court erred in his conclusion of law that the writ of injunction as to that portion of lot 145 on which the abstract building is located, ought to be dissolved and annuled. Newton v. Calhoun, 68 Texas, 451; Rollins v. O'Farrel, 77 Texas, 94; Hensley v. Shields, 6 Texas Civ. App., 136; Shook v. Shook, 21 Texas Civ. App., 177; Malone v. Kornrumpf, 84 Texas, 454; Drought v. Stallworth, 100 S. W., 188; Wynne v. Hudson, 66 Texas, 7; McMillan v. Moon, 18 Texas Civ. App., 227; in re Presnall, 167 Fed., 406.

*Dougherty, Conley & Gordon,* for appellees.

PLEASANTS, CHIEF JUSTICE.—The appellee, Park Bank & Trust Company, having theretofore obtained a judgment in the Justice Court for precinct No. 1 of Jefferson County against the appellant, Mrs. Frank Blair, Jr., and others, for the sum of $156.90, on January 13, 1909, caused an execution to be issued upon said judgment and levied upon portions of lot No. 145, block No. 35, in city of Beaumont.

The two parcels of land so levied upon are described as follows:

"One strip of land, a part of lot 145 in block 35, beginning at the N. E. corner of lot 145, block 35; thence S. E. along Pearl Street 1½ feet to corner of building; thence continuing along Pearl Street 14 feet to S. E. corner of building; thence in a southwesterly direction paralleling Milam Street 25 feet; thence in a northeasterly direction parallel to and 1½ feet from Milam Street 25 feet to place of beginning, together with all improvements thereon situated.

"Also a strip of land out of said lot 145 in block 35 described as follows, to wit: Beginning at the S. E. corner of said lot 145 in block 35; thence in a northwesterly direction along Pearl Street 4 feet to S. E. corner of building; thence in a southwesterly direction parallel to and 4 feet from the south boundary line of lot 145, 46 feet to S. W. corner of building; thence in a northwesterly direction parallel to Pearl Street 16 feet; thence in a northeasterly direction parallel to the south line of said lot 145, 46 feet to Pearl Street; thence in a southeasterly direction along Pearl Street 16 feet to the place of beginning, together with all improvements thereon situated. Said lot and block being shown in the original plan or plat of the city of Beaumont now on file in the county clerk's office in Jefferson County, Texas."

Before the date on which the property was advertised for sale under this execution, Mrs. Blair, joined by her husband, brought this suit to enjoin the sale on the ground that the property is, and was at the time of said levy, a part of appellant's homestead. The trial judge granted a temporary injunction and upon final hearing the injunction was perpetuated as to the first of the two parcels or tracts of land above described, and dissolved as to the second of said tracts.

The only question presented on this appeal is whether the finding of the trial court that the second parcel of land above described was not a part of appellant's homestead at the time it was levied upon by the appellee bank, should be sustained.

The evidence shows that lots 145 and 144 in said block No. 35 are the separate property of Mrs. Blair and were acquired by her prior to her marriage with appellant Frank Blair. These lots adjoin each other and front north on Milam Street in said city of Beaumont. Pearl Street, which is the principal business street of said city, extends along the east side of lot 145. The two lots are enclosed together. There is a dwelling house on lot 144 and appellants have lived therein since January, 1902, and have and claim no other homestead. Beaumont is an incorporated city and has been such since long prior to 1902. The two lots, exclusive of improvements thereon, have never been worth as much as $5,000.

Prior to appellants' marriage, Mrs. Blair, who was then a widow, on May 20, 1901, entered into a contract with F. M. Newton by which she leased him for a term of one year the portion of lot No. 145 involved in this appeal. In consideration of this lease Newton agreed to construct a building thereon to cost not less than $175, the specifications for the construction of said building being set out in the lease, and also agreed to pay as rent for said premises the sum of $120, $60 cash in advance to cover rent for the first six months, and $10 per month thereafter during the term of said lease. It was further agreed that at the expiration of the lease the improvements placed thereon by Newton should become the property of Mrs. Blair. In pursuance of this contract Newton constructed the building called for in the contract and occupied and used same as an abstract office. Since the termination of Newton's lease the property has been rented from time to time whenever a tenant could be procured. The building on this property was constructed for business purposes and fronts upon Pearl Street, which, as before stated, is the principal business street in the city. It has been rented for business purposes a large portion of the time since its construction, and was so rented at the time of the levy of the execution by appellee bank. The improvements so rented and used for business purposes cover all of the portion of the lot levied on which the court held was subject to execution.

The only use of the premises by appellants was its occupancy by Mr. Blair as a cigar factory for a short time during the year 1902, and its occasional use for storing a few articles of household furniture at such times as appellants have been unable to secure a tenant therefor.

We think these facts sustain the conclusion of the trial court that if the property in question was ever a part of appellants' homestead it had been segregated therefrom and had ceased to be used as an adjunct to the family residence at the time it was levied on by appellee. The fact that it was used for storing household goods when it was not occupied by a tenant, is not sufficient to make it a part of the homestead. The principal use to which it was put must be looked to in determining whether or not it should be protected as a part of the family homestead, and the evidence shows that the property in question was improved to be rented for business purposes and this is the principal use to which it has been put by appellants. Blum v. Rogers, 78 Texas, 530; Levy v. Lacour, 43 Texas Civ. App., 191 (94 S. W., 380); Autry v. Reasor, 102 Texas, 123.

We think the facts sustain the conclusion of the trial court and the judgment should be affirmed.

*Affirmed.*

Writ of error refused.