**REED et ux. v. CRUMP.** (No. 3124.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 12, 1925.)

**1. Vendor and purchaser ⬳305—Inadequacy of consideration in vendor's transfer of contract not defense to purchaser.**

In action on purchaser's notes secured by mortgage, and executed to transferee of contract of sale, inadequacy of consideration paid by plaintiff to vendor for the contract is not a defense.

**2. Homestead ⬳57½—Whether tract on which owner did not live was part of homestead held question for jury.**

Whether tract of 100 acres on which owner did not live, but which he mostly rented out, but used to some extent to pasture cattle and for storage purposes and had cultivated one acre for two years, was part of homestead, under Const. art. 16, § 51, held question for jury.

**3. Trial ⬳194(10)—Refusal to instruct that distance between tracts was immaterial in determining homestead not error.**

Where landowner resided on 80-acre tract, and was claiming a 100-acre tract 5 miles distant as part of homestead, refusal of court to instruct that the distance between the tracts was of no importance held proper as being a comment on the weight of the evidence.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by C. C. Crump against J. N. Reed and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

Sid Crumpton, of Texarkana, for appellants.

Johnson & Waters, of New Boston, for appellee.

WILLSON, C. J. This was a suit by appellee, Crump, against appellants, J. N. Reed and his wife, Eula Reed, in which the former sought (1) a recovery on three promissory notes, one for $504 and the other two for $500 each, executed by the latter October 20, 1921, and (2) a foreclosure of a mortgage lien on 100 acres of land in Bowie county, given by the Reeds to secure the notes at the time they executed same. It was urged as a defense against the recovery sought on the notes that they were without consideration, and as a defense against the foreclosure of the lien asserted that the land was part of appellants' homestead. In response to a special issue submitted to them, the jury found that the land was not homestead. Thereupon the court rendered judgment in appellee's favor for the amount of the notes and foreclosing the lien on the land given to secure them.

[1] We do not think the testimony heard at the trial warranted a finding that the notes sued on were without a consideration, and therefore overrule appellants' contention that the court below erred when he refused their request to submit to the jury an issue as to whether they were or not. The testimony was that appellants bought 80 acres of land of one Sargent, assuming the payment of certain indebtedness against same, and agreeing, in addition thereto, to pay Sargent the sum of $2,850. Of said sum $1,500 was to be paid by appellants in cash before the deed conveying the land to them was delivered, and the remaining $1,350 was to be paid at times specified in two promissory notes—one for $700, and the other for $650 in Sargent's favor, secured by a vendor's lien retained on the 80 acres of land. Appellants having paid only $500 of the $1,500 when the deed Sargent was to make was ready for delivery, it (the deed) was placed in escrow for delivery to appellants when they paid the $1,000 remaining of the $1,500. While the deed was in escrow, Sargent agreed to forgive appellants $1,000 of the price they were to pay for the land, and later, but while the deed was still in escrow, Sargent sold his contract with appellants covering the latter's purchase of the 80 acres to appellee, Crump; the consideration for such sale being the payment by Crump to Sargent of $100 in cash, the payment by Crump to another party for Sargent of $154, and the transfer and delivery by Crump to Sargent of an automobile worth about $200. After Crump became the owner of the contract, the deed to the 80 acres was delivered to appellants, and Crump surrendered the notes for $700 and $650, respectively (referred to above), to them, and released the vendor's lien retained by Sargent on the 80 acres to secure the notes, receiving of appellants in lieu thereof the three notes sued

upon and the mortgage on the 100 acres given to secure same. The basis for the contention specified above seems to be the testimony showing that Crump paid Sargent much less than its face value for the latter's contract with appellants. But we are unable to see the relevancy of that fact to the contention. Sargent alone, if any one, had a right to complain of a mere inadequacy of the consideration paid by Crump for the contract. Appellants had no right to complain of that, but only of a lack of a consideration for their undertaking evidenced by the notes sued upon, and it was undisputed in the testimony that there was no lack of a consideration therefor.

[2] Another contention presented by appellants in effect is that it appeared as a matter of law from the testimony that the 100-acre tract of land was a part of their homestead. The testimony relevant to that issue was that appellants owned the 100-acre tract and a 60-acre tract, situated about a mile apart, when they purchased and began residing upon the 80-acre tract in 1920. For many years prior to that time they had lived upon and used the 60 acres as their home. While residing upon the 60 acres, and also after they moved to the 80-acre tract, appellants rented the 100-acre tract to tenants, but used a room in a house thereon for storing cotton, etc., received by them as rents on the land, and for storing tools and material used in repairing fences, etc., thereon. The rentals of the land were used by appellants for the support of the family. While they lived on the 60 acres, appellants pastured (but how often and to what extent was not shown) cows on the 100 acres, and in 1918 or 1919 cultivated about one acre thereof, growing sorghum hay thereon. After they moved to the 80 acres, which was situated about five miles from the 100 acres, appellants let a cow and a yearling "run on the 100-acre place," but for how long was not shown.

We are not prepared to say the conclusion of the jury that the testimony referred to (and there was none other) did not show the 100 acres to be a part of appellants' homestead was "so clearly wrong," quoting the language of the court in Crabtree v. Whiteselle, 65 Tex. 111, "as to warrant us to disturb it." While the Constitution declares that the homestead of a family not in a town or city "shall consist of not more than 200 acres of land, which may be in one or more parcels, with the improvements thereon," where another or other parcels than the one the family resides upon are claimed as a part of the homestead, it (the Constitution) requires that such other parcel or parcels "shall be used for the purposes of a home." Article 16, § 51; Axer v. Bassett, 63 Tex. 545. It has been held that, whether a parcel of land detached from a parcel the family lives on is homestead or not depends upon the "principal use" made of it. Blackwell v. Lasseter (Tex. Civ. App.) 203 S. W. 619, and authorities there cited. Appellant J. N. Reed, testifying as a witness, said: "The main thing I used [the 100-acre tract and the 60-acre tract] for was to rent them out and get the rent off of them." In the case just cited, it was held by a Commission of Appeals on a writ of error granted by the Supreme Court that, quoting from the reporter's syllabus (227 S. W. 944):

"Owners' designation of land as their homestead, combined with user of rents therefrom, was not sufficient to impress the land as a homestead, where the residence actually occupied by them as a home was four miles distant therefrom, since land, to constitute a homestead, must be impressed with the incidents of a home."

And in Autry v. Reasor, 102 Tex. 123, 108 S. W. 1162, 113 S. W. 748, the Supreme Court held, again quoting from the reporter's syllabus, that:

"A detached tract of farm land situated half a mile from the home tract and used only by renting it to tenants for a share of the crop, the proceeds being applied to the support of the family, does not, by such use, become a part of the homestead."

And see Blair v. Park Bank, 61 Tex. Civ. App. 441, 130 S. W. 718; Brooks v. Chatham, 57 Tex. 31.

[3] The contention remaining undisposed of is that the trial court erred, in that he failed to instruct the jury with reference to the issue as to whether the 100 acres was a part of the homestead or not, that the fact that it was situated a distance of 5 miles from the 80 acres on which appellants resided was not of controlling importance. We think such an instruction would have been on the weight of the evidence, and that the court did not err when he failed to give it.

As we view the record, there is no error in the judgment, and it is affirmed.