**GALLOWAY et al. v. GALLOWAY.**

No. 14304.

Court of Civil Appeals of Texas. Dallas.

Feb. 2, 1951.

Rehearing Denied March 2, 1951.

Alexander, George, Thuss & Passman, Dallas, for appellants.

Chrestman, Brundidge, Fountain, Elliott & Bateman, Dallas, for appellee.

CRAMER, Justice.

This proceeding was instituted in the County Court of Dallas County by Mrs. Bertha Galloway, widow and administratrix of the estate of Bedford Galloway, deceased, to have set aside to her two separate tracts of farm land belonging to the estate of the said Bedford Galloway as a homestead, for all exempt personal property belonging to said estate, and for allowance in lieu of exempt property not on hand and for one year's support. This application was contested by J. B. Galloway, Annie Riggs and Florence Jackson, who are the children of Bedford Galloway and his first wife, Nannie Galloway. The court refused to set apart both of said tracts of land as a homestead, but did set aside to applicant one of said tracts, which was selected by her as a homestead; also all exempt personal property belonging to said estate and allowed her $500 in lieu of exempt personal property not found among the effects of the deceased,—but denied her application for a year's support. From this decision of the County Court Mrs. Galloway appealed to the District Court, where the case was tried without a jury and the court rendered judgment setting aside to said widow both of said tracts of land as a homestead; also all exempt personal property belonging to the estate and allowed her $500 in lieu of non-existing personal property, but denied her application for an allowance for support for one year. To which ruling and judgment of the court the contestants, J. B. Galloway, Annie Riggs, joined by her husband, Shelby Riggs, and Florence Jackson, joined by her husband, Taylor Jackson, duly excepted and have properly perfected this appeal.

Appellants brief four points of error: (1) In the trial court's setting aside to Bertha Galloway a total of 200 acres of land in two tracts, being her choice out of her deceased husband's estate, as a homestead, since such land was not the actual homestead of her and her deceased husband; (2) because said tracts are separated by a distance of 25 or 30 miles and were never either used or occu-pied by deceased and his family as a homestead or otherwise impressed with a homestead character, and it is not feasible or practicable to so use and occupy the same; (3) because she testified she did not desire or intend to occupy either of said tracts as a home unless compelled to do so, but intends to live elsewhere and rent out said lands and use the income for her support and maintenance; and (4) since deceased left no such homestead as could legally be set apart to his widow as a homestead, she was only entitled to the allowance provided for in Art. 3486, Vernon's Ann.Civ.St.

Appellee counters with five points in substance as follows: "(1) Where the home in which the widow and her deceased husband lived became subject to partition immediately upon the husband's death, but the husband owned other lands as his separate property on which he could have established a homestead, his widow was entitled to select and have set apart to her as her homestead not to exceed 200 acres of land; (2) the fact that neither of the two tracts of land designated and set apart to the widow as homestead was ever used or occupied * * * as a homestead or otherwise impressed with a homestead character is immaterial * * *"; since such lands could have been designated by deceased "as his homestead during his lifetime had he desired to do so." (3) The homestead being subject to partition on the death of her husband, appellee "* * * had the right to designate a homestead of not to exceed 200 acres out of the lands * * *" of her deceased husband, or to a cash allowance in lieu thereof; (4) the distance between the two tracts was immaterial on the homestead question; and (5) appellee's rights could not be destroyed because she preferred not to do so,—but would live on the land if "necessary to the maintenance of her homestead rights."

All points will be considered together. The district judge made findings of fact. Those material to the questions on this appeal are, in substance, that Bedford Galloway, deceased, died March 11, 1949; he was first married to Mrs. Nannie Galloway who died intestate in 1915, and the contestants here and one deceased daughter (who

died without issue) are the children of that marriage; that he married appellee in 1917 and has two children by such marriage; all children by both marriages are of age, not dependent on deceased, and have their own homesteads; that after the death of deceased's first wife Bedford Galloway continuously occupied individually and until he married his second wife (appellee here), and thereafter with the second wife, as his homestead, the separate property of his first wife in which he had a life estate; that at the time of his death the deceased owned (in addition to certain equitable and undivided interests in land) the lands set aside by the trial court to his surviving widow as her homestead; that the two tracts set aside to the widow are approximately 28 miles apart; one of the tracts has a five-room house and small outhouses thereon, the other tract has no buildings upon it; that appellee is the duly qualified and acting administratrix of her deceased husband's estate; that she has selected, designated, and requested the trial court to set aside the two tracts totalling 195 acres, and by him set aside to her; that she is willing to reside on one of the tracts if necessary to maintain her homestead rights, but would prefer actually to reside elsewhere and live on the rents and revenues from said two tracts of land.

The trial court concluded as a matter of law from such findings of fact that the 25 acres of land in and near Mesquite, Texas, on which the two-story residence was situated, was the separate property of Mrs. Nannie Galloway, deceased, and became subject to partition upon the death of the said Bedford Galloway; that the said Mrs. Bertha Galloway, since March 11, 1949, has not had and does not now have the legal right to maintain a homestead thereon; that since her husband did not provide a home which she could use and occupy as a matter of right after his death, said Bertha Galloway is entitled to select and have set apart to her as a homestead out of the lands forming the separate estate of her deceased husband, not to exceed 200 acres, and that she is entitled to have the two tracts of land mentioned in the foregoing findings of fact so set apart to her as a homestead for her

exclusive use during the remainder of her natural life. The findings of fact are not attacked by either party, are sustained by the evidence, and they are made our findings here except where, hereinafter, in this opinion, they are supplemented by additional fact findings. The only attack by appellants is directed against the trial court's conclusions of law.

■ The rules of law applicable to the facts in this case are well settled. The homestead of Bedford Galloway, deceased, and appellee as his surviving wife is settled and fixed as of the time of Bedford Galloway's death. McLane v. Paschall, 62 Tex. 102. The homestead of the family, if owned by the deceased husband, is not subject to administration and, as here, where there is no will and the deceased is survived by his wife as a constituent member of the family, the title to the homestead, if any, vests immediately in the deceased's heirs at law. Texas Constitution, Art. 16, sec. 52, Vernon's Ann.St. However such homestead, if any, is not subject to partition, but is subject to the homestead rights of the wife; and so long as such homestead rights exist such homestead is not subject to partition. The homestead of the family may be in separate tracts. Texas Constitution, Art. 16, sec. 52.

The material question then is: Were the two tracts of land set aside to appellee as the widow of Bedford Galloway, deceased, a part of the homestead of the deceased and his wife at the time of his death? If they were, then the district court properly set them aside to appellee as her homestead. If not, then there was error in the judgment. Article 16, sec. 51, Texas Constitution, provides for the homestead: " * * * provided, that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the head of a family; provided also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired."

■ Mere ownership alone is not sufficient to constitute property a homestead. Silvers v. Welch, 127 Tex. 58, 91 S.W.2d 686. It must be used for the purposes of

a home or business, or there must be an intention to do so coupled with some act or acts indicating the intention. Parker v. Cook, 57 Tex.Civ.App. 234, 122 S.W. 419. Applying such rules to the facts here, we must sustain appellants' points. The appellee, Bedford Galloway's second wife, was entitled to select any 200 acres, whether in one tract or not, owned by the deceased at the time of his death and used by him at that time as the homestead of the family. In addition to the matters set out in the brief, we have examined the entire statement of facts to determine whether the record shows such use of any land owned by deceased at the time of his death as would subject same to the homestead claim. From such examination we find that one of the tracts set aside to appellee by the district court, consisting of 72.22 acres of land known as the Galloway Estates Meadow, in Dallas County, could, under the conflicting evidence with reference thereto, be found to be a part of the homestead of Bedford Galloway and his wife at the time of his death. Appellee testified, with reference to said tract, that her husband had not realized anything off of same in 1949; she further testified, " * * * J. B. would know about that, better than I would. He always rented it." J. B. Galloway, a son of the first marriage and one of the contestants here, testified as to said land in substance that he and his father had a partnership in the hay business; that they had been growing hay on this tract, cutting and baling it and selling it to the partnership. He could not say what such tract produced each year in the way of revenue. He estimated that it produced about 2,000 bales or better in 1949. Under such evidence, if the court had considered same on the issue of fact as to whether or not it was a part of the homestead tract, with all the general facts and circumstances before him, his finding thereon would have been conclusive. But he did not consider it that way and did not make a finding thereon under such an issue. Reed v. Crump, Tex.Civ.App., 277 S.W. 737.

As to the 123-acre tract near Grand Prairie,—the other tract set aside to appel-

lee by the district court—the appellee herself testified that such land produced in rents and revenues around $600 a year net; that it was rented out to others. Appellant J. B. Galloway testified that such land had never been used by deceased and appellee as any part of their homestead and they had not lived on it or used it as a homestead; that it was rented out to others. See Autry v. Reasor, 102 Tex. 123, 113 S.W. 748; 22 Tex.Jur. 338, Homestead, § 233. However, as heretofore shown, the court did not try this case on the theory that he would find the fact as to whether or not such tract was the homestead of the deceased and appellee at the time of death. He tried the case on the theory that the surviving wife was entitled to have the land set aside to her as her homestead, whether or not it had been used during the lifetime of Bedford Galloway as a part of his homestead; and, after having considered the record as a whole, we cannot say whether there will be additional testimony or whether the testimony will be the same as it is here on another trial. And in view of our having to reverse for the errors pointed out and remand the case for a new trial, we pretermit further discussion thereon at this time. In view of another trial of the case, and since we have read the record as a whole, we find from the inventory and statement of facts that the home place consisted of two 25-acre adjoining tracts, the home buildings being on the 25-acre tract which was the separate property of the first wife, but that Bedford Galloway, deceased, owned a 6/7 undivided equitable interest in the adjoining 25-acre tract. Appellee testified with reference to such tract as follows:

"Q. At the time you and Mr. Galloway married in 1917, up to the time of his death, where did you and he live? A. On the home place there in Mesquite, where he resided at the time of our marriage.

"Q. Does that consist of a tract of approximately twenty-five acres of land, with a house on it? A. Well, it was always considered a fifty-acre tract, with a house on it.

"Q. Well, in this case, we are speaking of that home place as a twenty-five acre

tract, then another adjoining tract of twenty-five acres, known as the Hawthorne land? A. That's correct.

"Q. Well, lets keep them separated, here, now, then. A. All right.

"Q. That twenty-five acres that the home was built on, was that the separate property of Mrs. Nannie Galloway? A. I had always understood that it was."

There was no further testimony as to whether the said 6/7 interest in the Bedford Galloway 25-acre tract was used for homestead purposes or not, and such question will be an issue in the retrial of the case.

From what we have said, it is apparent that the case was tried on the wrong theory and that the judgment should be and is here reversed and the cause remanded to the trial court for a new trial not inconsistent with this opinion.

BOND, C. J., not sitting.