GEORGE W. EVANS v. S. R. WOMACK.

1. HOMESTEAD.—B owned and occupied in a town a house, with garden, lot, and other ordinary appendages of a homestead. He afterwards purchased eleven acres of land, separated from his house-lot by intervening streets and lots owned by others, and distant from his house three or four hundred yards. The land thus purchased was cleared, fenced, and placed in cultivation: *Held*—

1. That whether the eleven acres thus purchased was included in the town limits, or situated in the country, under the Constitution and laws in force in 1860, the fact that its use, either by its being cultivated or rented, contributed to the support of B's family, did not make it a part of the homestead.

2. Had it been a horse-lot or garden, used in connection with the residence as such appendages are commonly used in a town, its separation from the residence by a street would not divest it of its homestead character.

2. PLEADING.—In trespass to try title, a petition which alleges title and seizin in the plaintiff on the 18th of January, 1873, and ouster

Opinion of the court.

by defendant on the 12th of March, 1875, is not on that account defective, on general exception.

3. PLEADING.—The petition, in trespass to try title, is not that character of pleading which is required to be "certain, to a certain intent, in every particular," as those terms are understood at common law.

4. PRACTICE—EVIDENCE.—An affidavit made for the purpose of authorizing the introduction in evidence of a copy of a deed, need not in terms allege that the original is "lost," if it states facts reasonably showing that it was lost.

APPEAL from Hopkins. Tried below before the Hon. Green J. Clark.

The case will be sufficiently understood from the opinion.

*E. D. King* and *J. K. Milam*, for appellant.

*Henderson & Capers*, for appellee.

ROBERTS, CHIEF JUSTICE.—The important question in this case, is whether or not the land in controversy was a part of George W. Evans' homestead in 1860, when it was levied on and sold by the sheriff of Hopkins county, in satisfaction of an execution issued upon a judgment against said Evans in favor of John L. Garrison.

The said Evans was the head of a family, and was possessed of and occupied a residence, with garden, lot, and other ordinary appendages of a homestead, in the town of Sulphur Springs. His business was that of a mechanic. While residing upon this homestead, and before the levy and sale, he purchased the tract of land in controversy, being about eleven acres, and cleared the whole, or part of it, for cultivation. It was three or four hundred yards from his residence, with lots and streets intervening between it and his residence. It does not appear whether or not it was then in the corporate limits of the town. The petition describes it as being within the city of Sulphur Springs.

Whether it was then a lot in said town, or a tract of land

in the country, it was not so connected, by its use or otherwise, with his residence as to constitute a part of his homestead.

The fact that it was a lot in town, if it was so, and made to contribute to the support of the family, either by cultivating it himself or by renting it to others, did not make it a part of the homestead, simply because, neither by its locality nor its use was it a part of his home, in the sense in which a homestead is regarded under the Constitution and laws of this State. Had it been a garden or horse-lot, used in connection with the residence as such appendages are commonly used in a town, its separation from the residence by a street would not have prevented it from being a part of the homestead.

Any one taking a survey of the premises, in that case, upon discovering its use, when used for such purposes in connection with the residence, would readily have recognized it as a part of his homestead. Not so, however, in the case of a field, though a small one, three or four hundred yards from the residence, used for ordinary purposes of cultivation, or for rent. This case is decided in reference to the Constitution and laws as they existed in Texas in 1860, when the land was sold under execution.

The exception to the petition was general. The objection raised in the assignment of error, is that it fails to allege that the plaintiff was the owner of the land in controversy at the date of the institution of the suit. The words of the petition are as follows, to wit: "Plaintiff alleges that on the 18th day of January, A. D. 1873, he was lawfully seized and possessed of the tract of land hereinafter described, situated in said county of Hopkins, holding the same in fee-simple; that on the 12th day of March, 1875, defendant entered upon said premises, and ejected plaintiff therefrom, and unlawfully withholds from the plaintiff the possession thereof, to his damage five hundred dollars; that the premises so entered upon, and unlawfully withheld by defendant from plaintiff,

are bounded and described as follows, to wit," &c.    The indorsement on the petition shows that it is an action of trespass to try title, which is a form of action substituted by our statute for the action of ejectment.   The suit was brought on the 12th of August, 1875.

If the plaintiff, as he says, was seized of the land in fee-simple on a day before the suit was brought, and defendant dispossessed him, and unlawfully withheld the possession from him, to his damage five hundred dollars, it follows, by reasonable intendment from this mode of expression, that plaintiff continued to be the owner of the premises up to the time of bringing the suit, and that is certainly sufficient upon general exception.    Besides, this is a mere form of action, the only one prescribed in our system of pleading; and to show when it is designed to be used as a form only, substituted for an action of ejectment to try the title to the land, the statute requires the attorney for the plaintiff to indorse on the petition that the action is brought to try the title as well as for damages, which was done in this case.

The form of the action of trespass *quare clausum fregit*, as given in Stephens on Pleading, is as follows, to wit: " For that the said defendant, heretofore, to wit, on the —— day of ——, A. D. ——, with force and arms, broke and entered the close of said plaintiff, called ——, situate," &c. (Page 39.)

This might be subjected to the criticism that the close might have belonged to plaintiff heretofore, and not then when the suit was brought.

If this were not merely a form of action to try the title, but in it the plaintiff was required, as he is in other actions, to state the facts constituting his cause of action, still it is not a sort of pleading, under any known system, that is required to be " certain, to a certain intent, in every particular," accordingly as these terms are understood in pleading at common law.

The admission in evidence of the copy of the deed from

the sheriff to E. I. W. Tomlinson was objected to, because of the alleged insufficiency of the affidavit of the attorney in proving the loss of the original. The attorney did not swear that it was lost, but he stated facts reasonably showing that it was lost, without using the word "lost," which is sufficient.

The plaintiff, in setting out his title, relied on the fact that the land in controversy was not a part of the homestead at the time of the sale, on account of its disconnection in locality and use from the residence, and by an amendment added the further ground, that before the sale the defendant had bought, and designated as a homestead, a tract of land in the country.

This brought out pleading, on the part of defendant, explaining this purchase of land in the country, and also an explanation of why he left the State in 1863, and remained absent until 1874, when he returned and took possession of the land, —all to show that he had never abandoned the land in controversy as part of his homestead.

All this pleading about abandonment, and the evidence relating to it, were wholly immaterial, when considered in reference to the fact that the land in controversy never was, according to the evidence, a part of the homestead.

Judgment affirmed.

AFFIRMED.