## H. D. BROOKS v. R. H. CHATHAM.

### (Case No. 4535.)

57   31
85   614

1. HOMESTEAD.— The fact that several tracts of land are distant from each other several miles will not divest either of them of the homestead protection, if they be each used for homestead purposes; but when the rural homestead has been fixed on one of them, there must be such use of the subsequently acquired parcel, to invest it with the homestead character, as would be required to make an original designation of a homestead.

2. SAME.— Mere intention to use is not sufficient; if the tract be separated from that on which the home place is located, some act must be done evincing an intention to use it in some way in connection with the home place, for the comfort, convenience or support of the family, or as a place of business for the head of the family. Mere ownership, coupled with an intention at some time to use the detached tract in connection with the home place for homestead purposes, is not sufficient.

3. HOMESTEAD.— The designation of land for homestead purposes, after the levy of an attachment, cannot protect it from sale under a lien thus acquired.

4. JURISDICTION.— In the absence of citation, when jurisdiction over the person is acquired by a voluntary appearance and answer filed, it is not lost by sustaining a demurrer to the answer.

APPEAL from Cooke. Tried below before D. E. Barrett, Esq., special judge.

The opinion states the case.

*Potter & Lanius*, for appellant.

I. The court erred in holding that the land in controversy was not the homestead of appellants. Barnes *v.* White, 53 Tex., 630; Franklin *v.* Coffee, 18 Tex., 417.

II. It was not necessary that appellants should move upon the land as soon as it was purchased, but its purchase for the purpose of a home, with acts of preparation to use it as such, is sufficient.

III. It is not necessary that a country homestead be all in one tract, but it may be in separate and distinct parcels. The family may reside upon one tract, and if the other is either useful, necessary or convenient to the occupancy of the tract on which the family lives, it will be protected as the homestead, if both tracts do not exceed the maximum allowed by law. Const., art. XVI, sec. 51; Arto *v.* Maydole, 54 Tex., 244; also 576.

IV. If land be purchased, intended, owned and claimed as a part of such purchaser's homestead, and is in any manner used by him as such, it is protected from forced sale. Andrews *v.* Hagadon, 54 Tex., 511.

*Davis & Garrett*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— This suit was brought by the appellee against the appellants to recover twenty-seven acres of land, title to which he derived through a judgment rendered in the county court of Cooke county, foreclosing an attachment lien thereon, acquired under the levy of an attachment made on the 17th of June, 1880, in a suit in which he was plaintiff, and H. D. Brooks, the appellant, was defendant. The appellant acquired title to the land by purchase on the 11th day of June, 1880, and claims that the land at the time of the levy of the attachment, and at the time of sale, was a part of his homestead, and therefore not subject to forced sale. At the time of the levy of the attachment, and until about the 3d day of December, 1880, the appellant with his family lived upon a prairie farm in Grayson county, distant from the land in controversy eight or ten miles. The cause was tried by the court, a jury being waived, and a judgment was rendered in favor of the plaintiff in the court below. The conclusions of fact and of law found by the court were asked and given by the court. The findings of fact are as follows: "The defendant Brooks is the head of a family, having a wife and minor children; that he now has, and had at the time the land in controversy was levied upon by plaintiff, by virtue of the writ of attachment read in evidence by plaintiff, no land (besides the tract in controversy) except a prairie farm of seventy acres in Grayson county, on which he then lived, about ten miles from the land in controversy; that the land involved in this suit was purchased by defendant, H. D. Brooks, on the 11th day of June, 1880, and that it was the intention of said defendant, when he purchased the same, to appropriate it at some future time as a homestead; that being woodland, and his prairie farm having no timber upon it, this tract would be useful to defendant in keeping up his prairie place; that said defendant did not know that plaintiff's attachment was levied upon the land until about the 1st of November, 1880; that during the month of October, 1880, he hauled some corn from the land, and also raised a few hogs on the same, and that this was done with a view of appropriating the same as a homestead, and in furtherance of the purpose for which it was bought; that about the 3d day of December, 1880, defendant with his family moved on the land and has resided there ever since. I further find that, prior to the levy of plaintiff's attachment upon the land in controversy, the defendant had never occupied the same; that he had made no preparation, and had done no act to manifest his intention to appropriate the same as a homestead in any way; and had done no act reasonably calculated to give notice of his ded

ication of the same as a homestead." This statement of the con-
clusions of fact is as favorable to the appellant as the statement of
facts incorporated into the record justifies, and the court found that
the land was subject to sale, and entered judgment for the appellee.

If the land in controversy had been contiguous to the land upon
which the appellants resided at the time he purchased the same, the
two tracts not exceeding the maximum area designated by the con-
stitution for the rural homestead, the same would at once have be-
come a part of the homestead by virtue of the actual use of the land
as a homestead, to which it would have become attached in one com-
mon ownership, in the absence of an intention not to make it a
part of the homestead. Campbell v. Macmanus, 32 Tex., 451. But
in the case under consideration, the lands being separate, the prop-
erty could not become a part of the homestead, or homestead, by
any fact less than would be necessary to designate the homestead
originally.

The constitution expressly provides that the rural homestead may
consist of one or more parcels, and the fact that they may be dis-
tant several miles, the one from the other, is immaterial; and in
many cases, to enable the head of the family to maintain a prairie
farm, it may be necessary to have woodland, which can only be ob-
tained at a distance even as great as was the distance between the
two tracts of land in this cause claimed to be the homestead of the
appellants; but when the lands are separated there must be such use
as will amount to a designation of homestead of the subsequently
acquired parcel, as fully as the same would be required in the origi-
nal designation of homestead. The constitution does not determine
how the homestead shall be designated; but its protection is extended
only to that which is homestead. Nor have we any statute which
provides how the designation of the homestead shall be made, which
is to be regretted; but it is settled by a line of decisions of this
court, that a mere intention to make a piece of land the homestead
at some time is not sufficient to give it the homestead character.
Franklin v. Coffee, 18 Tex., 415; H. & G. N. R. R. Co. v. Winter, 44
Tex., 605.

There must be something more than mere intention; there must
be some act done which will evince an intention to use it as a home,
or, if separated from the tract upon which the home of the family
stands, to use it in some way, in connection with the home place,
for the comfort, convenience or support of the family, or as a place
of business for the head of the family.

It would be impracticable to lay down a general rule as to what

shall constitute a designation to homestead use, in all cases, sufficient to throw around two or more separate parcels of land the protection given by the constitution to the rural homestead; but there must be something more than mere ownership, coupled with an intention at some time to use in connection with the parcel upon which the home stands, to protect other and detached parcels of land. Such designation must consist in the use of the detached parcel, or parcels, in connection with the home place, or in such preparation so to use as will clearly evidence the intention so to use; but this must vary according to the character of the detached parcel or land, and the purpose to which it is adapted and for which it is intended.

The fact that the head of the family has a parcel of land upon which the family lives, and which thereby becomes entitled to protection as homestead, cannot attach such character to a detached parcel of land not used for the purposes for which the homestead exemption is given; otherwise the exemption could be extended to something which is not homestead in fact; this was never intended by the constitution.

The attachment having been levied upon the land in controversy prior to its designation as homestead, the subsequent appropriation of it to homestead use cannot protect it from sale under the lien thus acquired. Baird v. Trice, 51 Tex., 559; Mabry v. Harrison, 44 Tex., 294; Chipman v. McKinney, 41 Tex., 77; Potshuisky v. Krempkan, 26 Tex., 309. The constitution declares that no lien upon the homestead shall be valid; but it does not declare that property not homestead at the time a lien is acquired may thereafter become homestead clothed with exemption from forced sale to satisfy such pre-existing lien. Those liens which the constitution declares invalid are only such as are attempted to be given upon the property otherwise than they are permitted to be given by the constitution, after the homestead character has attached thereto.

There was no error in rendering judgment against Mrs. Brooks, for by her answer she was in court as fully as though citation had been served upon her; and the fact that a demurrer was sustained to her answer, did not deprive the court of jurisdiction over her person.

There being no error in the judgment of the court below, the same is affirmed.

AFFIRMED.

[Opinion delivered April 18, 1882.]