## J. W. POSEY ET AL. V. T. A. BASS.

### No. 6542.

1. **Rural Homestead.** — The extension of the corporate limits of a town over a rural homestead, and the mere laying out of contiguous lands into streets and their division into blocks and lots, will not deprive the homestead of its rural character or restrict the rural homestead exemption to the land actually used.

2. **Same.**—Nor is such homestead affected by the head of the family carrying on a business in the town in an office owned by himself.

APPEAL from Nolan. Tried below before Hon. Wm. Kennedy.
The facts are given in the opinion.

*Charles I. Evans*, for appellants.—The incorporation of a town or village under the general incorporation law of Texas, with limits described so as to include a part of an adjacent rural homestead which was not situated on the original town plat, can not convert such part of said rural homestead into an urban homestead; and more especially so when it is shown that no lots, blocks, streets, or alleys were ever laid out or designated on such part of said homestead. Taylor v. Boulware, 17 Texas, 74; Bassett v. Messner, 30 Texas, 604; Nolan v. Reed, 38 Texas, 425.

*J. B. Scarborough,* for appellee.—The use of a specific place as a residence and another as a place of business by the head of a family fixes the homestead character of the property, and there can be no blending of homesteads so as be partly in town and partly in the country.    42 Texas, 195, 442; 57 Texas, 425; 65 Texas, 271.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover of appellants a tract of land sold by the sheriff of Nolan County under execution against appellant Posey and purchased by herself.    The defendant Posey claimed the premises as a part of his homestead.    Many questions were presented by the assignments of error and the brief of counsel for appellants, but an agreement has been filed which waives all of them except the inquiry whether at the time the abstract of the judgment under which the land was sold was recorded the premises in controversy were a part of Posey's homestead.    The abstract was filed December 2, 1885, and if the property was subject to sale under execution, a lien was created upon it at that time and the property passed by the sheriff's sale.

The facts affecting the question of homestead are as follows:    In 1881 appellant Posey bought parts of two tracts of land known as section 47 and section 38, which lie contiguous to each other.    There were but 2 acres in 47, but these adjoined the land purchased by him in section 38 and lie immediately south of it.    Upon the 2 acres he built his dwelling house and made his residence.    His orchard and stables were on the adjacent portion of section 38 and embraced about 5 acres.

During the year 1881 he enclosed all the tract in controversy.    At the time he established his residence upon the land the town of Sweetwater had been laid off by the railway company into blocks and lots, but the north boundary line of the town so designated was 460 feet south of the south boundary line of the parcel upon which his residence was situated, which was the extreme south line of his lands.    In the year 1882 the railway company extended the limits of the town plat as far north as the south boundary of section 38.    Posey's premises, however, were never laid off into lots and blocks.    In April, 1884, the town was incorporated with limits extending sufficiently far north to embrace not only Posey's dwelling house but most of the land in controversy.    Posey, it appears, after enclosing the land, cultivated or rented a part as occasion offered, and used the remainder as a pasture.    At one time he was engaged with a partner in a mercantile business in the town, and owned one-half of the lot upon which the business was transacted.    At the time the abstract of the judgment was filed he with a partner were doing business as land agents, and they owned in common a house and lot in town, in which they kept their office and carried on their business.

We think there can be no doubt but that at the time Posey acquired and established his residence upon the land now in controversy he became

entitled to hold it as his homestead. Has he ever parted with that right? In other words, have the circumstances surrounding his home become such at any time as to deprive his residence of the character of a rural homestead, and to restrict his claim to so much of the land as was directly used by him in connection with his residence for the comfort and convenience of his family?

What may be the effect of an extension of a city or large town over a rural homestead of the character of the appellant's we are not called upon to determine. There was no such fact proved in this case. That the mere laying out of contiguous lands into streets and their division into blocks and lots will not affect the question of homestead is too obvious to require discussion.

What, then, was the effect of including the appellant's homestead within the limits of the town as incorporated? In Taylor v. Boulware, 17 Texas, 74, it was conceded that it was within the power of the Legislature to extend the limits of a town or city over a rural residence, and to convert it thereby into an urban homestead, but that this effect would not be produced until it was actually made a part of the city by being laid off into streets for town or city purposes. In Bassett v. Messner, 30 Texas, 604, the power to make the conversion without the consent at least of the head of the family was denied. There is no evidence in this case that in point of fact the premises in controversy ever became any part of the actual town of Sweetwater. The value of $3000 or $3500 placed upon it by the witnesses tends to show it had no value whatever as town property. But it may be urged that because his principal business was in town, first as a merchant and then as a land agent, his homestead should partake of the character of his business and should be considered a town homestead. We think not. Every one is at liberty to make his home in the country although he may do business in town. It is the place of the homestead that gives character to it, not the business of the head of the family. If it be in the country it is a rural homestead; if it be in a city it is an urban residence. But it may be said he had a place of business in town which he was entitled to claim as a part of his homestead, and he can not have both a country and a town homestead. But was his place of business in town exempt? We think not. If he lived in town his place of business would have been a part of his homestead. But since he lived in the country his place of residence was his homestead, and that alone.

We think the undisputed facts of the case show that at the time the lien was acquired upon the land in controversy and at the time of the sale by the sheriff it was a part of appellant Posey's homestead. The judgment will accordingly be reversed and here rendered for appellants.

*Reversed and rendered.*

Delivered May 30, 1890.