**FIRST NAT. BANK OF McALLEN v. JONES et al.　(No. 6808.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 1, 1922. Rehearing Denied Nov. 22, 1922.)

**I. Homestead** ☞70 —**Parties purchasing land partly within and partly outside town acquire no homestead in that outside by occupying that inside.**

A husband and wife purchasing land, part of which was within and part outside a town, acquired no homestead in that outside by making their home on that within the town, though the two were contiguous, as the homestead cannot be part urban and part rural.

*On Motion for Rehearing.*

**2. Homestead** ☞71—**Land in city not part of rural homestead, because part of larger tract outside, though not laid off into lots or cleared of brush.**

Land in a city is not rural property because it is part of a larger tract lying outside the city, so as to make it a part of a rural homestead, though it has never been laid off into lots nor cleared of brush.

**3. Homestead** ☞59—**Land partly within and partly outside city does not become vendee's rural homestead because it was vendor's homestead when sold.**

That a tract of land, part of which was inside a city and part outside, formed vendor's homestead when sold, does not make it vendee's rural homestead, as homestead rights cannot be conveyed by deed, but each head of a family must make the homestead for the family, and the status of the land when he designates the homestead determines whether it is an urban or rural homestead.

Appeal from District Court, Hidalgo County; Norman G. Kittrell, Judge.

Action by the First National Bank of McAllen against Charles Jones and others. From a judgment for plaintiff against the named defendant and two others, and setting aside an attachment, plaintiff appeals. Reversed in part.

J. E. Leslie, of McAllen, for appellant.
McDaniel & Bounds, of McAllen, for appellees.

FLY, C. J. This is a suit instituted by appellant against Charles Jones, Effie R. Jones, his wife, W. W. Jones, and E. Paul Jones, composing the copartnership firm of Jones & Sons, on a promissory note for $3,625, with 10 per cent. interest and 10 per cent. attorney's fees, and to foreclose a certain writ of attachment placed on lot 11 and the east 4½ acres of lot 12 of the northeast quarter of section 8 of the Hidalgo Canal Company's subdivision of its lands in porciones 64, 65, and 66 in Hidalgo county. It was alleged that the land, although in the name of Effie R. Jones, was the community property of her and her husband, Charles Jones. The cause was tried by the court without a jury, and judgment was rendered in favor of appellant as against Charles Jones, W. W. Jones, and E. Paul Jones for the sum of $4,427.18, amount of principal, interest, and attorney's fees, that appellant take nothing as to Effie R. Jones, that the land attached was the homestead of Charles Jones and Effie R. Jones, and not subject to attachment, and that no lien on such land was obtained by the levy of the writ of attachment, and the same was set aside.

The facts in this case show that in September, 1916, Charles Jones and Effie R. Jones bought lots 11 and 12, hereinbefore described, 3 acres off the western part of lot 12 being within the city limits of McAllen, and the balance of the two lots without the limits of said city. There was a residence on the 3 acres in the city, and appellees moved into it and made it their home as soon as they bought it, and Charles Jones was engaged in the mercantile business in McAllen until after this suit was brought and the land attached. The portion of lot 12 not in the city, and all of 11, were cultivated by labor paid for by Charles Jones. The facts did not show that it was used for homestead purposes. Allen v. Whitaker (Tex. Sup.) 18 S. W. 160.

[1] When the land was acquired, a portion of it was within and a portion of it without the town. At no time did appellees have a rural homestead, but they made their home on three acres of land lying, at the time they made it a home, within the limits of McAllen. Propinquity to the land outside the city could not make it a part of the homestead. If the two lots had been bought outside of the town, and by growth and extension the land had been taken into and became a part of the city, a different case would be presented. Wilder v. McConnell, 91 Tex. 604, 45 S. W. 145; Posey v. Bass, 77 Tex. 512, 14 S. W. 156.

The homestead had to assume one character, either that of an urban home or a rural home; it could not be part urban and part rural. Charles Jones and his wife fixed their home in the town of McAllen; they reared their children there; sent them to school there. Charles Jones was a candidate for a city office, and his wife voted at city elections. They were citizens of McAllen and made their livelihood there by engaging in the mercantile business. The facts in this case are similar to those in the case of Lauchheimer v. Saunders, 97 Tex. 137, 76 S. W. 750, although the facts are stronger in showing that the part of land in this case outside the city never became a part of the homestead. In the cited case Saunders had first purchased 9 acres in the country and made it his homestead. Afterwards he bought 100 acres adjoining his homestead and used it as a part of his homestead, and the whole 109 acres would have been a rural home had the 9 acres not have been included in the town at that time. The court held the 100 acres outside the town subject to forced sale. The court said:

"When a rural homestead right exists in lands adjacent to a town or city, the mere fact of the extension of the corporate lines of that city or town so as to embrace the homestead or a part of it will not destroy the character of the rural homestead, nor impair the rights of the owner in the property as such."

The court further held that; a homestead being in the town, it could not be extended to land outside the town. Appellees herein designated a home. It was in the city, and could not extend outside and take in rural property that lay alongside it, any more than if it had been 10 miles distant. Bank v. Litchfield (Tex. Civ. App.) 144 S. W. 350.

Appellees rely upon the cases of Posey v. Bass and Wilder v. McConnell, herein cited, but in both those cases the town had been extended so as to take in a rural homestead, and of course it was held that, the homestead character of the land being established, extending city lines so as to include it within the city limits could not destroy its character. No such state of facts exist in this case, but appellees bought a tract of land a part of which was in the city and a part without, and they settled on the part in the city and made it their home. They could not make a homestead part urban and part rural.

In the case of Allen v. Whitaker, 18 S. W. 160, decided by the Commission of Appeals and approved by the Supreme Court, at a time when the latter court was honored by the presence of Stayton, Gaines, and Henry, the facts showed that appellant had an urban homestead complete in itself, and that land adjacent to it outside the city limits was used as a farm and a pasture for cows by appellant. The court held that the city home was exempt, while the land outside was not. If a man can impress the homestead character upon 3 acres in a town and 15 acres outside, he could impress the homestead character upon 200 acres by buying a tract of land with one acre in the city and 199 outside and live on the acre in the town and engage in business there and be a voter therein and yet exempt the whole of the land as homestead. We do not think anything of the kind was ever contemplated by the law.

The judgment will be reversed in so far as it denied the foreclosure of the attachment lien on the land outside the city of McAllen, and it is the judgment of this court that appellant have a foreclosure of its lien and recover all costs in this behalf expended.

On Motion for Rehearing.

The conclusion of this court that the 3 acres off lot 12 were within the corporate limits of McAllen is assailed as being incorrect, and a sketch is inserted in the motion to demonstrate the error. It demonstrates the correctness of the conclusion. Appellees say:

"It is true the corporation line of the city of McAllen, what the witness called 'an imaginary line,' did at the time appellees bought said lands run north and south across lot 12 so that 3 acres thereof lay west and within the limits of the corporate jurisdiction of the city of McAllen, but said 3 acres were not in fact within the city or town of McAllen."

In other words, the 3 acres were within the city limits, but they were not within the city. This is a subtle distinction that we are unable to draw.

The trial judge found that when appellees bought the property two-thirds of lot 12 and all of 11 were outside the city limits, and that appellees bought in addition another acre of land in the city adjoining that part of 12 in the city, which according to the finding of the court gave appellees 4 acres of land in the city of McAllen, which is rather a large homestead in a city. Appellees built on the city part of lot 12, and established a mercantile business in the city, but because a portion of the two lots had been used for farm or nursery purposes the claim is made to a homestead consisting of 22 acres of land lying partly in the city and partly in the country. This was the status of the property when the homestead was established, Mrs. Jones swore:

"Three acres of this place, that is, the front 3 acres, is in the city limits and was within the city limits of McAllen at the time we purchased it. The house we lived in is within the city limits."

Of the same tenor was the evidence of Charles Jones.

[2, 3] The contention as to the 3 acres in the town becoming a part of a rural homestead is based on the theory that when a party purchases a tract of land, which is a farm, lying partly in a city and partly in the country, all of the tract is a rural homestead, and may be claimed as such up to the limit of 200 acres. Great stress is put on the fact that the portion of lot 12 lying inside the city had not been laid off into lots, and probably it never would be laid off into lots if owned by one person. Still it was within the city limits, and under the jurisdiction and control of the city government. Because a piece of land is in a city, has never been laid off into lots, and has never been cleared of the brush, would not make it rural property because it is a part of a larger tract lying outside the city. Nor would the fact that the part inside the city and the part outside the city formed at the time it was sold the homestead of the vendor make it the rural homestead of the vendee. Homestead rights cannot be conveyed by a deed, but each head of a family must make the homestead for the family, and the status of the land when he designates the homestead gives character to the homestead. If it is in a city, it is an urban homestead; if in the country, it is a rural homestead. Any other theory might create the situation of men living all around the limits of cities with their homes and farms on the outside and all the property both in and out the city exempted from the payment of debts. This court will not voluntarily subscribe to any such doctrine.

None of the cases cited as that where the homestead had been acquired after the city limits had been extended so as to include part of a rural homestead. In the case of Paris Exchange Bank v. Hulen, 21 Tex. Civ. App. 285, 52 S. W. 278, the facts fail to show that the land when bought by Hulen was partly within and partly without the city. On the other hand, it might be inferred that the land was outside the city when Hulen bought it. We infer this from the fact that the court cites cases altogether in which the homesteads had been established and afterwards while the owners were claiming the homesteads when the city limits were extended so as to include them within the city. We have seen no case that holds that, when homestead rights have been established on a tract of land, they will be transferred by a conveyance of the land.

The motion is overruled.