## GREEN et al. v. ÆTNA LIFE INS. CO.

Circuit Court of Appeals, Fifth Circuit. January 17, 1929.

Rehearing Denied February 13, 1929.

No. 5302.

W. L. Eason, of Waco, Tex., for appellants.

Lyle Saxon, of Dallas, Tex., and John Maxwell, of Waco, Tex. (Bryan & Maxwell, of Waco, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellants brought suit in a state court to cancel and set aside a deed of trust, securing a loan for $5,000, on 108 acres of land in McLennan county, Tex., alleging that said land constituted their homestead, and that the lien created thereon was void under the laws of Texas. The suit was removed to the district court, and appellee filed a cross-bill, seeking a foreclosure of the mortgage. There was judgment against appellants on the main action and in favor of appellee, the Ætna Life Insurance Company, on the cross-bill, recognizing the validity of the mortgage and decreeing a foreclosure.

The evidence supports the following conclusions: The deed of trust was executed October 25, 1922. Before then, from January, 1921, and until February, 1926, appellants lived upon another tract of land, consisting of 67 acres, in Hill county, about 7 miles from the land covered by the deed of trust, and had rented the McLennan county land to a tenant who was living thereon. In February, 1926, they moved back on the 108-acre tract in McLennan county, and after that the suit was filed.

It is appellants' contention that they had always continued to assert their rights of homestead over the land mortgaged and had used it for the purposes of pasturing their cattle and otherwise, but this is entirely inconsistent with the fact that for the purpose of securing the loan they designated certain lots in Hill county as their homestead and declared that they had no homestead right in and to the land upon which the loan was sought.

Conceding that at the time of bringing suit appellants had reacquired a homestead on the 108 acres in McLennan county, that would not affect the lien previously attaching. Brooks v. Chatham, 57 Tex. 31; Thompson v. First State Bank, 109 Tex. 419, 211 S. W. 977.

We agree with the holding of the District Court that appellants had abandoned their homestead in McLennan county before the lien attached.

The record presents no reversible error. Affirmed.