## SCHULTZ et al. v. SCHULTZ et al.
### No. 7654.

Court of Civil Appeals of Texas. Austin.
Nov. 18, 1931.

Rehearing Denied Dec. 2, 1931.

E. A. Wallace, of Cameron, for appellants.

Henderson, Kidd & Henderson, of Cameron, for appellees.

BAUGH, J.

Suit by appellants, plaintiffs below, children of Paul Gus Schultz, deceased, by his first marriage, against his second wife, Emma Schultz, and their daughter, Lillian Melde, by a second marriage, in trespass to try title to, and for possession and partition of, 68 acres of land in Milam county, adjacent to the town of Thorndale. Emma Schultz admitted title in fee in the plaintiffs and her codefendant, Lillian Melde, but pleaded a homestead right in said lands, and denied their right of partition thereof on that ground, alleging that said lands had formerly been set aside to her as her homestead by a decree of the district court. Trial was to the court without a jury, and judgment rendered against the plaintiffs, from which they prosecute this appeal.

Appellants' first contention is that Emma Schultz had established an urban homestead within the corporate limits of the town of Thorndale, thereby terminating any rural homestead right she may have had in the 68-acre rural tract, and subjecting it to the right of possession by and of partition among the owners of the fee title thereto.

The facts in this regard were substantially as follows: Paul Gus Schultz and his first wife, prior to her death intestate in 1905, had acquired as community property a rural homestead in 193 acres of land, 93 acres in Milam county, which included the 68 acres here involved, and 100 acres in Williamson county. Subsequent to her death and during his marriage with appellee Emma Schultz, these two tracts continued to be used as a rural homestead, most of which was in cultivation, and the residence thereon located at the outskirts of the town of Thorndale, then unincorporated. In 1916 he erected a new residence on said 68-acre tract, some 250 yards from the old residence, and he and his second wife moved into same and continued to use said lands as theretofore for homestead purposes. Paul Gus Schultz died testate in March, 1917. In his will he devised to his second wife, among other things, a tract 130 feet by 230 feet on which was situated the new residence. She declined to accept under his will, sued his children by his first marriage, who are appellants here, for her share of the community estate and to establish a homestead interest in and to the interest owned by Paul Gus Schultz at his death, which she alleged to be a 19/32 interest, in both the 68-acre tract and the 100-acre tract. This suit was settled and an agreed judgment entered in 1918 awarding to her title to the 130 by 230 foot tract on which was located the residence, a homestead right in the 68 acres in controversy—25 acres of said 93-acre tract having been sold off by Paul Gus Schultz as town lots—and decreed the fee title to said 68 acres to be in all of the children of said Paul Gus Schultz in the proportions designated, subject to her homestead right. This judgment was entered in 1918. In 1929 the town of Thorndale was incorporated; its western corporate limits being the eastern boundary line of said 68-acre tract except that a part of the 130 by 230 foot lot on which was located the Schultz residence was included within the city limits. Mrs. Emma Schultz had, however, since her husband's death, continued to use and occupy said residence and 68-acre farm tract as a unit and as her homestead, cultivating same in person and through tenants. It constituted her source of support and maintenance, and was used in the same manner and for the same purpose after Thorndale was incorporated as before.

It is now well settled that a mere inclusion of a part of a rural homestead within city limits by incorporation does not in itself destroy its rural homestead character, in the absence of facts which show an actual change in the character of said property from a rural to an urban homestead. Lauchheimer & Sons v. Saunders, 97 Tex. 140, 76 S. W. 750; Wilder v. McConnell, 91 Tex. 604, 45 S. W. 145; Posey v. Bass, 77 Tex. 514, 14 S. W. 156. Other than a part of the tract on which was situated the residence, none of the 68 acres was included in said town; nor was any of it actually made a part of said town nor laid off in streets for town purposes. On the contrary, it continued to be used as a farm and pasture, or strictly for rural purposes. Whether or not a given tract of land situated in whole or in part within corporate limits of a city or town, or even without such corporate limits, but in close proximity thereto, is rural or urban homestead, is a question of fact for the court or jury. Jones v. Bank (Tex. Com. App.) 259 S. W. 157, 159; Connelly v. Johnson (Tex. Civ. App.) 259 S. W. 634; Speer's Law of Marital Rights (3d Ed.) § 465, p. 560. The trial court in his findings of fact determined this issue against appellants and the evidence is amply sufficient to support that finding. Nor did the fact that she rented a part of said homestead from time to time, having continued to occupy and use the remainder herself, without any intention of abandonment, terminate its homestead character. Tex. Const. art. 16, § 51; Bogart v. Bank & Trust Co. (Tex. Civ. App.) 182 S. W. 678, 681.

The next question raised relates to the extent of the homestead rights of Emma Schultz in and to the 68-acre tract. We think this question was adjudicated and foreclosed by the judgment of the district court in 1918. The fact that the children who were then minors have since married and seceded from the family does not affect the homestead rights of appellee Emma Schultz so long as she remains upon and continues to use and occupy said premises as her homestead. This suit presents the same parties, the same attorneys, and the same subject-matter, tried before the same district judge, as did the suit brought in 1918 by Mrs. Emma Schultz; and we think the judgment entered in that suit is res adjudicata of the issue here presented. That judgment did not fix as definitely and clearly as it might have the interest of Mrs. Schultz in said 68-acre tract; but we think it is clear when considered in the light of the issues there made by the pleadings, the agreement of the parties, and the decree of the court, that there was awarded to Mrs. Schultz a homestead right in the whole of the 68-acre tract, and not merely in a half interest in said tract as urged by appellants.

It is not controverted that both the 68-acre and the 100-acre tracts constituted the rural community homestead of Paul Gus Schultz and his first wife at the time of her death in 1905; that he continued to use and occupy both as such homestead of himself and his second wife together with his minor children up to the time of his death in 1917. There is no contention that up to that time said children, appellants here, were entitled to any partition of said property, though they inherited a half interest therein from their mother. The second wife did not acquire a homestead interest in the whole of said lands, but did acquire, upon the death of Paul Gus Schultz, a homestead right in and to his half interest in the fee to said lands. Gilliam v. Null, 58 Tex. 298; Clements v. Maury, 50 Tex. Civ. App. 158, 110 S. W. 185.

The suit brought by her in 1918 was for partition of the personal property and to establish and set aside to her the interest of her deceased husband in and to said two tracts of land. The agreement filed and on which the judgment was entered, in that suit, in addition to adjusting certain equities between the two estates and partitioning the personal property, established such homestead right in the 68-acre tract only, reciting that "her homestead rights in said land being recognized and adjudged to her upon the finding and determination that said land in which said homestead right is established was the interest of Paul Gus Schultz, deceased, in and to the lands described in plaintiff's petition as belonging to the community estate of said deceased and his first wife, now deceased; and the taxes due upon said homestead and to become due are to be paid by said plaintiff Emma Schultz so long as she uses the same as her homestead."

The "lands described in plaintiffs' petition" comprised both the 100-acre and the 68-acre tracts. This agreement was expressly approved by the court, made a part of his judgment, and, in making the award in conformity with said agreement, the judgment recites: "That the plaintiff Emma Schultz do have and recover of said defendants named, the homestead right hereinabove named in that portion of the Milam County tract of land hereinabove described * * * the court finding and ordering that said plaintiff Emma Schultz's said homestead rights are so recovered by her and awarded by this judgment as being the interests and estate of her deceased husband Paul Gus Schultz, in and to the two tracts of land belonging to the community estate of said Paul Gus Schultz deceased, and his first wife, described in plaintiff's second amended original petition and in this judgment."

We think the clear purpose, intent, and effect of said decree, considered in the light of the issues made by the pleadings and of the facts established, was to partition both tracts as between appellants and Emma Schultz, and to set aside to her as her homestead, in lieu of the undivided one-half interest owned by her deceased husband in both tracts, a homestead interest in and to the whole of the 68-acre tract. Such was the construction placed upon his judgment by the same court thirteen years after it was rendered; and such appears to have been the construction placed upon it by the appellants themselves in not questioning the exclusive possession by Emma Schultz of said 68-acre tract up to the time of filing this suit. This purpose is further borne out by the fact that the said Emma Schultz was adjudged to pay all the taxes on said 68-acre tract so long as she continued to use same as her homestead. Her rights therefore extended to the whole of said 68-acre tract already partitioned to her, and there was therefore no interest as between her and the children subject to partition. She claimed no title to the fee to the 68-acre tract, and, upon the termination of her homestead in same, right of possession would thereupon vest in the owners of the fee.

Appellants insist, however, that as between themselves and Lillian Melde, a codefendant with Emma Schultz to whom the 1918 judgment awarded an undivided one-eighteenth interest in the fee to said 68-acre tract, they were entitled to a partition of said lands in any event, subject to whatever homestead interest Emma Schultz had in same. The pleadings indicated and the case was obviously tried on the theory (1) that Emma Schultz had abandoned the rural homestead and established instead an urban homestead in the

town of Thorndale; or (2) that, if she had not, her homestead interest extended only to an undivided one-half interest in said 68 acres, and appellants were therefore entitled to have possession of the other one-half interest and to recover rents from Emma Schultz accordingly.

However, their pleadings and prayer for relief were perhaps sufficient to authorize a partition as between the joint owners of the fee. There was no evidence, however, whether said tract was capable of partition in kind so as to set aside the respective interests to each other. The cases relied upon by appellees to sustain the trial court's judgment denying appellants such partition are not, we think, in point. See Gilliam v. Null, supra; Pressley's Heirs v. Robinson, 57 Tex. 460; Clements v. Maury, supra. The issues involved title as between the heirs of the deceased parent and the surviving wife of a subsequent marriage. Those issues in this case were settled in the judgment of 1918. The partition here is not between the heirs and the survivor, who claims no interest in the fee, but as between the heirs themselves of their established interest. In such cases it had been held that the provisions of article 16, § 52, of the Constitution, do not apply, but that the statutes governing partition obtain, so long as such partition does not take away or interfere with the homestead right vested. Such is the rule laid down by Judge Stayton in Hudgins v. Sansom, 72 Tex. 229, 10 S. W. 104, followed by this court in Jones v. Dewbre, 13 S.W.(2d) 233. Such partition must, however, be subject to and not interfere with the possession and homestead rights of Emma Schultz.

Appellants also insist that because Emma Schultz conveyed to the state of Texas for highway right of way an easement in a strip 35 feet by 1,008 feet long along the south side of said 68 acres, containing 1.22 acres, such conveyance amounted to an abandonment of same, and that they were entitled to a partition thereof subject to such easement. Their legal right to such partition probably did vest; but it is obviously impossible, and the value of the fee in appellants subject to such easement is questionable. We think the maxim, "De minimis non curat lex," probably applies.

For the reasons stated, the judgment of the trial court in so far as it recognized the homestead rights of Emma Schultz in and to said 68-acre tract is affirmed. In so far as it denied to appellants partition as between them and Lillian Melde of their interests in said land, it is reversed, and the cause remanded, with instructions that such partition as between them may be had subject to, and without interference with, the homestead rights of said Emma Schultz so long as she continues to use and occupy said premises as her homestead. All costs of this appeal are taxed against appellants.

Affirmed in part, and in part reversed and remanded, with instructions.